JAMES O'DOWD *v.* CORNELIUS BOYLE.

Great latitude is allowed in introducing evidence under the plea of the general issue.

APPEAL from the Second Judicial District Court of Jefferson, *Cazabat,* J. HOWELL, J. This is a suit to recover the sum of $1,250, as damages for the value of a quantity of coal, alleged to have been taken by defendant from two flat-boats belonging to plaintiff, and sunk in the Mississippi river, at Willow Grove, Watson's Landing, Parish of Jefferson, and the further sum of $250, counsel fees, expenses, etc.

The plaintiff alleges that defendant has taken from the said boats over five hundred barrels of coal; that two or three hundred barrels thereof were, at the institution of this suit, still on the bank of the river adjacent to the sunken boats; that defendant sold several hundred barrels, on

which a part of the price is still due; and he prayed for a writ of injunction, enjoining defendant from removing the coal and receiving the money due on what he sold; but we do not discover that it was issued or served. In an amended petition he asked for and obtained a writ of sequestration, under which the coal claimed by him was sequestered.

The defendant pleaded the general issue, and, after trial, judgment was rendered against him for $1,250, with interest, and privilege on the coal and money sequestered, and perpetuating the injunction, with all costs, from which he took a devolutive appeal.

Our attention is called to two bills of exception taken by defendant. The first is to the refusal of the Judge to permit the witness, Trucks, to answer whether or not the defendant had not, previous to the sale of the said boats to plaintiff, raked coal from said boats by the permission of the tow-boat company (the vendor of plaintiff); and, if so, how much, on the ground that it was inadmissible under the general issue.

We think this objection not well founded. The evidence offered tended to show that defendant was not liable to plaintiff for all the coal that may have been taken by him from the boats in question, and to that extent is not inconsistent with the denial of plaintiff's ownership in the general issue.

The second bill of exceptions is to the exclusion of a *written agreement* of defendant to save the coal from certain sunken boats belonging to the tow-boat company, on the ground that it is res inter alios acta; that it proposes a title adverse to plaintiff's and is irrelevant, defendant having set up no title.

This evidence can be considered as corroborative of that reserved in the first bill, and is not subject to the objections raised.

As the evidence which was excluded may relieve defendant from liability for the whole amount for which he is condemned; and, as no account is taken of the coal sequestered *as the property of plaintiff*, and which defendant, by the judgment, was perpetually enjoined from removing, we think justice requires the case to be remanded for a new trial.

It is therefore ordered that the judgment of the lower Court be avoided and reversed, and that the case be remanded for a new trial, with instructions to the District Judge to admit the evidence set forth in defendant's two bills of exceptions. Plaintiff to pay the costs of appeal, and those of the lower Court to abide the final judgment.